**U.S. Department of Labor**    Office of the Solicitor
Washington, D.C. 20210



December 18, 2015

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Perez et al., v. City of New York*, No. 15-315 (2d Cir.)

Dear Ms. Wolfe:

By order dated December 1, 2015, this Court, following oral argument in the above-captioned case, directed the Department of Labor ("Department") to advise the Court regarding the donning and doffing practices of National Park Service Rangers. By order dated December 4, 2015, the Court granted the Department's request for additional time, until December 18, 2015, to submit a response, and posed additional questions.

As an initial matter, it bears noting that the Department does not enforce the Fair Labor Standards Act ("FLSA") for most federal employees. Rather, the Office of Personnel Management administers the FLSA for most federal employees. *See* 29 U.S.C. 204(f) (authorizing the Director of the Office of Personnel Management to administer the FLSA for federal employees, except for employees of the Library of Congress, the United States Postal Service, the Postal Regulatory Commission, and the Tennessee Valley Authority, for whom the Department administers the FLSA); *American Fed'n of Gov't Emps. v. OPM*, 821 F.2d 761, 770 (D.C. Cir. 1987). Because we do not have any direct experience concerning the donning and doffing practices for National Park Service Rangers, we have gathered the information outlined below mainly from conversations with officials within the National Park Service ("NPS"), which is a bureau of the Department of the Interior.[1]

The NPS Rangers who perform duties reasonably comparable to those performed by the Plaintiffs in this case are Interpretive Rangers and Law Enforcement Commissioned Rangers. Interpretive Rangers' duties are to educate, interpret, and inform the public about park resources, conservation, ecologically sound practices, and the laws and rules developed to protect park resources and provide for their safe use. *See* Position Description, Park Ranger (I) (attached in

---

[1] Specifically, we consulted with Charles Cuvelier, Chief of Law Enforcement, Security and Emergency Services, NPS, and David Davies, Chief of Division of Labor and Employee Relations, NPS.

Addendum).[2]  This includes making presentations to a wide variety of audiences about park resources and rules, conducting research to learn more about park resources, designing presentations to incorporate knowledge gained from research, planning interpretive programs, and monitoring and reporting on the condition of park resources.  *See id.*  It may also include performing emergency duties depending on individual park needs (e.g., search and rescue).  *See id.*  Law Enforcement Commissioned Rangers' duties are law enforcement.  *See* Position Description, Park Ranger (P) (attached in Addendum).  This includes detection, investigation, apprehension, detention, and prosecution under the provisions of applicable laws, rules, and regulations enacted to ensure the protection and safe use of National Park resources; engaging in park resource education and preservation activities; monitoring and reporting on the condition of park resources; and performing emergency duties as needed (e.g., search and rescue).  *See id.*

Both Interpretive Rangers and Law Enforcement Commissioned Rangers are required to wear NPS uniforms, which consist of NPS trousers or skirts, shirt, hat, tie, socks, shoes, belt, badge, insignia, name bar, and sweater and jacket as necessary.  *See* Reference Manual 43 Uniforms, pages 10-11 (attached in Addendum).  These may vary depending on the weather and the specific park assignment.  There may be additional items required for specific assignments, such as horse patrol, bicycle patrol, or water operations.  *See id.*  In addition to the uniforms, Law Enforcement Commissioned Rangers are required to wear bulletproof vests and a utility belt that holds a firearm, Taser, baton, handcuffs, gloves, and radio, as well as optional pepper spray.  *See* Law Enforcement Program, Reference Manual – 9, Chapter 29, Uniform, Appearance, and Minimum Equipment Standards (attached in Addendum).[3]

The position description for Interpretive Rangers contains one reference to uniforms: "The [Interpretive] Ranger contacts people in an informal setting that is moderately structured in the sense that because the Ranger is in uniform and clearly represents the park and the National Park Service, the visitors and others have certain expectations of the Ranger's role."  *See* Position Description, Park Ranger (I), Factor 6. [Nature of] Personal Contacts.  The position description for Law Enforcement Commissioned Rangers does not appear to reference their uniforms or equipment.  *See* Position Description, Park Ranger (P).  However, the NPS's Law Enforcement Program, Reference Manual – 9, which covers many aspects of the NPS's law enforcement program, states that NPS law enforcement personnel are required to display "distinctive identification (or equipment) on uniforms to ensure uniformed commissioned employees are easily recognized as such by the general public.  Uniforms worn by NPS commissioned personnel will positively identify the wearer as a law enforcement ranger."  *See* Law Enforcement Program, Reference Manual – 9, Chapter 29 – Uniform, Appearance, and Minimum Equipment Standards, 1. Policy.

---

[2] The documents in the Addendum are organized in the order in which they are cited in this letter.

[3] Law Enforcement Program, Reference Manual – 9 is approximately 300 pages.  We have attached only the title pages, Table of Contents, and Chapter 29, which addresses uniforms.  The document, which is publically available, has been redacted by the Department of the Interior.

The manuals for Interpretive Rangers and for Law Enforcement Commissioned Rangers cited above are silent on whether the rangers are required to don and doff their uniforms at work.  We were, however, informed by the NPS officials with whom we consulted that Interpretive Rangers and Law Enforcement Commissioned Rangers are permitted to don and doff their uniforms, and where applicable their equipment, at home or at work.[4]  As noted in the Secretary of Labor's *amicus curiae* brief in this case, Sec'y Br. 28, it is the Department's longstanding position that if employees are permitted and have the ability to don and doff uniforms and gear at home, the time spent donning and doffing is not a principal activity and therefore is not compensable, even when an employee chooses to don and doff at work.  *See* Wage and Hour Advisory Memorandum No. 2006-2, at 3 (May 31, 2006), *available at* http://www.dol.gov/whd/FieldBulletins/AdvisoryMemo2006_2.pdf; Wage and Hour Division Field Operations Handbook (1996) ¶ 31b13, *available at* http://www.dol.gov/whd/FOH/index.htm; *see also Bamonte v. City of Mesa*, 598 F.3d 1217, 1228-33 (9th Cir. 2010); *Adams v. Alcoa, Inc.*, 822 F. Supp. 2d 156, 163-64 (N.D.N.Y. 2011).

NPS has no policy providing for compensation for Interpretive Rangers and Law Enforcement Commissioned Rangers for time spent donning and doffing their uniforms and, where applicable, law enforcement equipment.  According to the NPS officials with whom we consulted, it does not appear that, in practice, Interpretive Rangers and Law Enforcement Commissioned Rangers are compensated for their donning and doffing activities.

Some, but not all, Interpretive Rangers and Law Enforcement Commissioned Rangers work as part of a bargaining unit pursuant to a collective bargaining agreement.  The collective bargaining agreements are negotiated with several different unions and are entered into at a local, regional, or park level; there is no national agreement for such rangers.  There are approximately 40 collective bargaining units throughout the country covering Interpretive Rangers and Law Enforcement Commissioned Rangers.  The officials with whom we consulted were not aware of any provision in a collective bargaining agreement that addresses compensation for donning and doffing or changing clothes.

---

[4] We were informed by NPS's Chief of Law Enforcement, Security and Emergency Services that if Law Enforcement Commissioned Rangers opt to take their firearm home, they are required to safely secure it with their NPS-issued locking device or in a storage box, case, or safe equipped with an operating lock that, when activated, prevents access to the firearm located within.

3

We hope that the information outlined above is responsive to this Court's questions.

Respectfully,

M. PATRICIA SMITH
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation

/s Rachel Goldberg
RACHEL GOLDBERG
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W., Room N-2716
Washington, D.C. 20210
(202) 693-5555

cc: James M. Reif (via CM/ECF)
Amelia Kristin Tuminaro (via CM/ECF)
Zachary W. Carter (via CM/ECF)
Devin Slack (via CM/ECF)